**SATURN CAPITAL CORPORATION,**
Appellant,

v.

**The CITY OF HOUSTON, Appellee.**

**No. 14-07-00379-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 11, 2007.

Robert G. Lowman, Jr., Houston, for appellant.

Bertrand L. Pourteau, II, Cora Z. Garcia, Elizabeth L. Pool, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Saturn Capital Corporation ("Saturn"), appeals the trial court's granting of the City of Houston's (the "City") Plea to the Jurisdiction. Finding the trial court erred when it granted the City's Plea, we reverse and remand to the trial court for further proceedings in accordance with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1992, the City demolished buildings on the property located at 8526 Pitner Road. The City assessed a fee for the cost of the demolition against the Pitner Road property which was owned by L.A. Investments, Inc. When L.A. Investments did not pay the demolition fee, the City filed a demolition lien on the Pitner Road property. On February 15, 2000, the City, Spring Branch Independent School District ("SBISD"), and other taxing authorities, obtained a judgment against L.A. Investments for delinquent taxes on the Pitner Road property. On May 15, 2000, an Order of Sale in Tax Suit was obtained and on June 22, 2000, the constable gave notice that the property would be sold at a public tax sale. With the approval of L.A. Investments, Saturn purchased the tax lien from SBISD and later foreclosed on the tax lien at a public tax foreclosure sale. Saturn purchased the Pitner Road property at the tax sale. The City did not bid at the tax sale. At the time Saturn purchased the Pitner Road property, Saturn, taking the position

that the tax sale extinguished all inferior liens, did not pay off the City's demolition lien.

In 2003, Saturn agreed to sell the Pitner Road property to Pitner Road Affordable Housing, Ltd. However, the title company would not issue title insurance and close the sale unless the City released its demolition lien on the property. In addition, the purchaser was unwilling to go forward with the deal as long as the City refused to release its lien. Saturn, arguing the demolition lien was invalid because it had been extinguished by the tax sale, made demand on the City that it release the lien. The City refused to release the demolition lien until the lien had been paid in full.

Faced with the loss of the sale of the Pitner Road property, Saturn paid the City the full amount of the demolition lien, $88,500.32, under protest and with full reservation of rights to litigate and recover the funds paid. Saturn then filed suit against the City seeking to recover its payment of the demolition lien. The City filed a plea to the jurisdiction arguing it was immune from Saturn's suit, which the trial court granted. This appeal followed.

### DISCUSSION

In a single issue on appeal, Saturn contends the trial court erred when it granted the City's Plea to the Jurisdiction on the basis of sovereign immunity.

### A. The Standard of Review

 Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted through a plea to the jurisdiction. *Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). Whether a trial court has subject matter jurisdiction is a question of law reviewed de novo. *Id.* at 228. In deciding a plea to the jurisdic-

tion, a court may not consider the merits of the case, but only the pleadings and the evidence relevant to the jurisdictional inquiry. *Moore v. University of Houston–Clear Lake*, 165 S.W.3d 97, 101 (Tex.App.-Houston [14th Dist.] 2005, no pet.). When reviewing a trial court's ruling on a plea to the jurisdiction, we construe the plaintiff's pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228. In addition, the question of whether undisputed evidence, which is the situation we are presented with here, establishes a trial court's jurisdiction, is a question of law. *Id.* at 226.

### B. Is the City Immune From Saturn's Suit?

Texas has long recognized, and the City conceded during oral argument, that sovereign immunity does not prevent a party who paid illegal government taxes and fees under duress from filing a lawsuit to seek their repayment. *Dallas County Cmty. College Dist. v. Bolton*, 185 S.W.3d 868, 877 (Tex.2005). Thus, to resolve the issue of whether or not the City is immune from Saturn's suit, two questions must be answered: (1) does Saturn's payment of the demolition lien constitute the payment of an illegal tax or fee; and (2) if so, did Saturn pay off the demolition lien under duress?

#### 1. The Pitner Road Property Tax Sale Extinguished the City's Demolition Lien

■ In Texas, a demolition lien is subordinate to a tax lien. *See* Tex. Loc. Gov't Code Ann. § 214.001(*o*) (Vernon 1999). Therefore, a tax foreclosure sale extinguishes a demolition lien on the subject property. *See* Tex. Tax Code Ann. § 33.95

(Vernon 2001) ("A purchaser for value at or subsequent to the tax sale may conclusively presume the validity of the sale and takes free of any claim of a party with a prior interest in the property...."); *see also Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.*, 120 S.W.3d 878, 881–82 (Tex.App.-Fort Worth 2003, pet. denied) (stating that a junior lien does not survive the foreclosure of a superior tax lien). Here, because Saturn purchased the Pitner Road property at a properly conducted tax sale, the City's inferior demolition lien was extinguished and Saturn took the Pitner Road property free from that lien.

#### 2. Because the Demolition Lien Had Been Extinguished, the City's Refusal to Release the Demolition Lien and Subsequent Acceptance of Saturn's Payment of the Lien Amount Constitutes the Collection of an Illegal Fee

■ A fee is defined as a fixed charge or a charge for a service. The Merriam-Webster Dictionary (New Edition, 2004). The City's demolition lien imposed on the Pitner Road property was to cover the cost incurred by the City when it performed a service: demolishing dangerous buildings on the property. Therefore, the costs of the demolition constitute a fee. As discussed above, the demolition lien was extinguished as a result of the tax sale. Therefore, when the City sent, after the tax sale, a letter to the title company handling Saturn's sale of the Pitner Road property stating "[The City] will issue releases for the Notice and the Order of Building Official (Clerk's File Nos. T118848 and N576628, respectively), once the lien(s) have been paid in full," we hold this constitutes an effort to collect an illegal fee.

#### 3. Saturn Paid Off the City's Demolition Lien Under Duress

Saturn argues that it paid the City's demolition lien under duress because it faced (1) the loss of the pending sale of the Pitner Road property if the City's demolition lien was not paid off; and (2) the ultimate loss of the property because if the sale did not go through, it would be unable to continue paying the taxes on the property. In response, the City contends Saturn voluntarily paid the lien as the loss of a pending sale of the property is insufficient to constitute duress. We agree with Saturn.

The Texas Supreme Court has consistently recognized that business compulsion[1] arising from the payment of illegal or improper government fees and taxes coerced by financial penalties, loss of livelihood, or substantial damage to a business can constitute duress and allow for the recovery of an illegal tax or fee. *Bolton*, 185 S.W.3d at 878. The duress necessary to authorize the recovery of an illegal tax or fee is established when the unauthorized tax or fee is required, necessary, or shall be paid to avoid the government's ability to charge penalties or halt a person from earning a living or operating a business. *Id.* at 879. Because the record demonstrates that (1) Saturn faced substantial damage to its business if the Pitner Road property sale did not go through; (2) the sale could not be completed unless the City released its extinguished demolition lien; and (3) Saturn paid off the extinguished demolition lien only after the City demanded payment in full before it would release the lien, the payment was not vol-untary but made under duress. Accordingly, sovereign immunity is not at issue and does not preclude Saturn from pursuing its suit against the City.[2] We sustain Saturn's only issue on appeal.

### CONCLUSION

Having sustained Saturn's only issue on appeal, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

---

1. "Business compulsion" has also been referred to as "economic duress" or "implied duress." *Dallas County Cmty. College Dist. v. Bolton*, 185 S.W.3d 868, 877–78 (Tex.2005).

2. In its brief, the City emphasizes the role of Alfred Antonini, the president of Saturn, and alleges that the transfer of the SBISD tax lien to Saturn violates the Fraudulent Transfer Act. These issues constitute affirmative defenses to Saturn's suit and are not relevant to this appeal, which addresses only the trial court's subject matter jurisdiction and does not reach the merits of the case. *Moore v. Univ. of Houston–Clear Lake*, 165 S.W.3d 97, 101 (Tex.App.-Houston [14th Dist.] no pet.).