

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-046-CV**

THE TOWN OF DOUBLE OAK                                      APPELLANT

V.

MICHAEL MCDANIEL                                            APPELLEE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In this interlocutory appeal,[2] Appellant, the Town of Double Oak, complains that the trial court erred by denying its plea to the jurisdiction because Appellee Michael McDaniel seeks damages in his suit for declaratory judgment.  We reverse and remand.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).

## II. Background

McDaniel sued Double Oak for declarations that Double Oak overcharged him for building permit fees and a sewer connection fee and that he is therefore entitled to a refund of the overcharges.[3]  In its plea to the jurisdiction, Double Oak argued that it had governmental immunity from these claims.  We address McDaniel's specific allegations in greater detail below.

## III.  Plea to the Jurisdiction

In its sole point, Double Oak argues that the trial court erred by denying its plea to the jurisdiction.

### A.  Standard of Review

A party asserting governmental immunity to suit challenges the trial court's jurisdiction.  *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).  A plea asserting such immunity involves a question of law that we review de novo.  *Id.*

We focus first on the plaintiff's pleadings to determine whether the facts pleaded affirmatively demonstrate that jurisdiction exists.  *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *Wise Reg'l Health Sys. v.*

---

[3] In McDaniel's most recent petition, he adds claims for violations of the Texas constitution.  These claims were not addressed in Double Oak's plea to the jurisdiction.

*Brittain*, 268 S.W.3d 799, 804 (Tex. App.—Fort Worth 2008, no pet.). The pleader has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Wise Reg'l Health Sys.*, 268 S.W.3d at 804 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). We construe the pleadings liberally in favor of the plaintiff, looking to the pleader's intent. *Id.* If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect in jurisdiction, the plaintiff should be afforded the opportunity to amend. *Id.*

## B. Governmental Immunity

Governmental immunity protects political subdivisions of the state from lawsuits for damages. *Harris County Hosp. Dist.,* 283 S.W.3d at 842. It encompasses two distinct concepts: (1) immunity from suit (barring a lawsuit unless the legislature expressly gives its consent to suit) and (2) immunity from liability (even if the legislature has expressly given its consent to suit). *City of Carrollton v. Singer*, 232 S.W.3d 790, 795 (Tex. App.—Fort Worth 2007, pet. denied). Immunity from liability is an affirmative defense; immunity from suit deprives a court of subject matter jurisdiction. *Id.*; *see also Harris County Hosp. Dist.*, 283 S.W.3d at 842 (stating that immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments). Governmental immunity from suit generally protects the State's

3

subdivisions from lawsuits for damages absent legislative consent to suit through a statute or express legislative permission. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.) (citing *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997)).

## C. McDaniel's Pleadings

In his original and subsequent petitions, McDaniel claims that he is entitled to equitable declarations that Double Oak (1) "overcharged [him] for his pro rata share of the sewer lines and that [he] is entitled to a refund of the overcharged amount," and (2) "overcharged [him] for his building permit fees by more than $36,930.00 and [Double Oak] is required to refund the amounts improperly charged."

In support of his sewer connection fee overcharge claim, McDaniel alleges the following: that he purchased land from Crossroads Bible Church ("CBC") to develop a self-storage facility; that because CBC had already installed municipal sewer lines, at a cost of $77,550, McDaniel agreed to pay a pro-rata share of the installation costs; and that Double Oak should have invoiced him for his connection to the sewer lines pursuant to an ordinance and a pro-rata agreement with CBC, with the ordinance providing that Double Oak would collect the pro-rata share to be refunded to CBC ($38,775), less ten percent for

4

Double Oak's administrative costs.[4]  McDaniel complains that Double Oak instead *added* ten percent to the $38,775, for a total invoiced cost of $42,649.49.  He states that when he attempted to explain the miscalculation to Double Oak's mayor, the mayor refused to adjust the calculation and "effectively told [McDaniel] just pay it because it was the right thing to do." McDaniel paid it "so he could complete his development on time."

In support of his building permit fees overcharge claim, McDaniel alleges that Double Oak invoiced him $48,855.50 for his Storage Facility Building Permit, which itemized the building square footage permit fee at $38,143.  He claims that Double Oak "ignored the designations, use and facilities and charged [him] as if all four buildings were commercial buildings ($38,775.00) rather than $.75 per square foot for the commercial portion of Proposed Building #1 ($1,125.00) plus $180.00 for each additional accessory building ($720.00), for the correct total building permit fee of $1,845.00," effectively charging him

---

[4] McDaniel quotes section 1.04 of Double Oak Ordinance number 19 in his petition:

> Ten percent (10%) of the pro rata collected shall be retained by the Town to cover [the] administrative costs. . . .  The amount of pro rata charged to the owner seeking a connection shall not exceed the original construction cost of the sanitary sewer main less ten percent (10%) for administrative costs withheld by the Town.

$36,930 more than it was entitled to charge.[5]  McDaniel complains that both

invoices damaged him financially, rendering him "unable to successfully operate

his storage facility."

**D.  Analysis**

McDaniel characterizes his pleadings as seeking declaratory relief; Double

Oak characterizes them as "artifices which, in truth, seek monetary damages."

The Declaratory Judgments Act ("DJA") states, "A person . . . whose

rights, status, or other legal relations are affected by a . . . municipal ordinance

. . . may have determined any question of construction or validity arising under

the . . . ordinance . . . and obtain a declaration of rights, status, or other legal

---

[5] McDaniel recites the following in his petition in support of these allegations:

> Double Oak City Ordinance 4.000(a) sets the commercial building permit/inspection fee at $.75 per square foot plus all required permits and 4.000(b) sets the accessory building permit/inspection fee at $180.00.

> The [special use permit] approved by the Town Council designated only a small portion (approximately 1500 square feet) of Proposed Building #1 as an Onsite Leasing Office and Upstairs Apartment.  The remainder of Proposed Building #1, and Proposed Buildings #2, #3, and #4 (roughly 47,912 square feet) are all accessory buildings under Section 4.000(b) as they contain only electric and are only being used for storage.

relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 2008). The DJA contains an express waiver of immunity, but only as to the declaration of rights, not as to damages. *See id.* § 37.006(b) (Vernon 2008) ("In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard[.]"); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002) (stating that private parties cannot circumvent immunity from suit by characterizing a suit for money damages as a declaratory judgment claim). Legislative consent to sue is not required for a claim for declaratory relief seeking a refund of illegally collected fees if the plaintiff alleges that the payments were made as a result of fraud, mutual mistake of fact, or duress. *See Tara Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 576–77 (Tex. App.—Houston [14th Dist.] 2009, pet. filed) (citing *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 876–79 (Tex. 2005), and *Camacho v. Samaniego*, 954 S.W.2d 811, 822 (Tex. App.—El Paso 1997, pet. denied)); *see also Saturn Capital Corp. v. City of Houston*, 246 S.W.3d 242, 245 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (defining "fee" as a fixed charge or a charge for a service).

In his pleadings, McDaniel "alleges that he is entitled to an equitable declaration of his legal rights and responsibilities under the subject Ordinances,"

7

and in particular, that he is entitled to equitable declarations that he was overcharged under both ordinances and that he is entitled to a refund of the overcharged amounts. On the record before us, McDaniel's request for declarations that he is entitled to a refund of money appears to be fatal to jurisdiction because retrospective monetary claims are generally barred by immunity.[6] *See Heinrich*, 284 S.W.3d at 374–75; *see also City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007) ("[I]n every suit against a governmental entity for money damages, a court must first determine the parties' contract or statutory rights; if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived."); *IT-Davy,* 74 S.W.3d at 855 (stating that a litigant's request for declaratory relief does not change a suit's underlying nature); *Humana Ins. Co. v. Tex. Health Ins. Risk Pool*, 257 S.W.3d 402, 408, 411 (Tex. App.—Corpus Christi 2008, no pet. h.) (holding that insurance company that filed declaratory judgment suit claiming entitlement to a refund was seeking money damages and not declaratory relief, so plea to the jurisdiction should have been granted to the extent company's claims for declaratory relief sought damages); *City of Dallas v. Blanton*, 200 S.W.3d 266,

---

[6] And if McDaniel had alleged a claim for prospective relief, to the extent that the *ultra vires* exception discussed in *Heinrich* might apply to defeat governmental immunity here, McDaniel has failed to join a specific official in his suit against Double Oak. *See Heinrich*, 284 S.W.3d at 373.

280 (Tex. App.—Dallas 2006, no pet.) (holding that appellees' suit for declaration that ordinance required city to pay expense of transferring their plumbing and reconnecting it to new sewer main sought to impose liability for damages prohibited by governmental immunity); cf. *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 717–18, 725 (Tex. App.—Austin 2007, pet. denied) (holding that the trial court correctly denied state agency's plea to the jurisdiction when appellees sued for declaration that agency acted outside of its authority, for construction of the applicable statutes, and for declaration of appellees' rights under the statutes; appellees joined agency's executive director in the suit and expressly asserted that they were not seeking money damages from the agency); *Comptroller of Pub. Accounts of Tex. v. Waites*, No. 01-06-00536-CV, 2006 WL 3751565, at *3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op.) (holding that suit was not for money damages and did not implicate sovereign immunity when plaintiff expressly limited her suit solely to a determination of whether the officer who violated her civil rights was entitled to indemnification by the State under civil practice and remedies code chapter 104).

Furthermore, McDaniel does not allege express legislative permission to sue, and his allegations that he paid the sewer connection fee overcharge "so he could complete his development on time" and that he has been damaged

financially by the "over-inclusive invoicing" such that he cannot "successfully operate" his storage facility do not appear to rise to the level of duress.[7] *See Tex. Dep't of Transp.*, 8 S.W.3d at 638 (requiring legislative consent by statute or express legislative permission); *Saturn Capital Corp*., 246 S.W.3d at 246 (describing duress necessary to authorize illegal fee recovery as "when the unauthorized . . . fee is required, necessary, or shall be paid to avoid the government's ability to charge penalties or halt a person from earning a living or operating a business"); *see also Dallas County Cmty. Coll. Dist.*, 185 S.W.3d at 877–79 (stating that the Texas Supreme Court has "consistently recognized business compulsion arising from payment of government fees and taxes coerced by financial penalties, loss of livelihood, or substantial damage to a business," and that reimbursement of illegal fees and taxes is allowed, in essence, when the public entity compels compliance with a void law and subjects the person to punishment if he refuses or fails to comply); *Crow v. City of Corpus Christi*, 146 Tex. 558, 562–63, 209 S.W.2d 922, 924–25

---

[7] In his pleadings, McDaniel attributes his inability to successfully operate his facility both to the "over-inclusive invoicing" with regard to the fees and to Double Oak's refusal to admit that his business's monument sign had been approved — the sign is not at issue before us. He does not allege that the invoicing prevents him from operating at all, and we are unable to determine from the pleadings how much of his lack of success is attributable to the invoicing and how much is attributable to the sign issue.

(1948) (discussing duress with regard to cases in which businesses were faced with either paying illegal fees or forfeiting their right to do business). McDaniel also does not allege that either of the overcharges resulted from fraud or mutual mistake of fact. *See, e.g., Nivens v. City of League City*, 245 S.W.3d 470, 474–75 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that the trial court did not err by granting the city's plea to the jurisdiction when plaintiffs' pleadings failed to seek declaratory or injunctive relief regarding refund of excessive tax payments *and* failed to allege that they made any payments as a result of fraud, mutual mistake of fact, or duress); *see also Tara Partners, Ltd.*, 282 S.W.3d at 577 (holding that, even construed liberally, plaintiffs' petition failed to allege facts indicating that they made payments as a result of fraud, mistake of fact, or duress when they failed to plead the potential for penalties or late payment charges and cessation of service). Therefore, we sustain Double Oak's sole point.

## IV. Conclusion

Sustaining Double Oak's sole point, we reverse the trial court's denial of Double Oak's plea to the jurisdiction and remand McDaniel's declaratory judgment claims to the trial court to afford McDaniel the opportunity to amend his pleadings. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007); *Wise Reg'l Health Sys.*, 268 S.W.3d at 804; *see also Heinrich*, 284 S.W.3d 372–74, 376.

BOB MCCOY
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: August 20, 2009

12