02-10-452-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00452-CV

 

 


 
 
 Michael McDaniel
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The Town of Double Oak
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 367th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          The
primary issue we address in this appeal is whether the trial court erred by
determining that it did not possess jurisdiction over three claims asserted by
Appellant Michael McDaniel against the Town of Double Oak (the Town). Because
we hold that the trial court possesses jurisdiction over McDaniel’s claims, we
reverse the trial court’s order dismissing McDaniel’s claims for want of
jurisdiction, and we remand the case to the trial court for further proceedings
consistent with this opinion.

II.  Factual
and Procedural Background

          McDaniel
owned a fourteen-acre piece of property in the Town.  He wanted to construct
and operate a self-storage facility on the property.  Because the Town’s zoning
ordinance did not permit that use, McDaniel proposed and obtained approval from
the planning and zoning commission for a specific use permit (SUP).  The Town
Council then unanimously passed Ordinance No. 04-07, granting McDaniel’s SUP. 
After McDaniel submitted detailed architectural plans along with the rest of
his building permit application, the Town approved the plans and issued
McDaniel a permit.  When McDaniel attempted to construct a monument sign for
the self-storage facility as indicated on the SUP, the Town officials informed
McDaniel that he must submit another application, pay another fee, and obtain
another permit to erect the sign.  McDaniel complied, and the Town then refused
to grant him a permit to erect the sign.  Further disputes arose between
McDaniel and the Town concerning the assessments that he was required to pay
for sewer connection fees at the self-storage facility and the building permit
fees that he was ultimately required to pay after the Town inspected his
facility.  McDaniel paid all of the required fees and, subsequently, filed this
lawsuit.

McDaniel’s
suit sought recoupment of fees he alleged were improperly charged by the Town
for the sewer tap and for building permit fees and also sought a declaration
that he could erect the sign.  The Town filed a plea to the jurisdiction as to
the two fee recoupment claims asserted by McDaniel; the Town expressly conceded
that it did not possess immunity for McDaniel’s declaratory judgment claim
concerning the sign.[2]  The Town sought summary
judgment on that claim.  McDaniel also sought summary judgment on the sign
claim.  The trial court granted McDaniel summary judgment on his sign claim and
denied the Town’s plea to the jurisdiction.  The Town perfected an
interlocutory appeal of the trial court’s ruling on its plea to the jurisdiction,[3]
and this court reversed the trial court’s ruling on the Town’s plea to the
jurisdiction; we specifically required, however, that McDaniel be given an
opportunity to replead his claims.[4]  Back in the trial court,
the Town filed a second plea to the jurisdiction asserting the same grounds as
its first plea to the jurisdiction, and in accordance with our opinion, the
trial court then entered an order granting the Town’s plea to the jurisdiction
and permitting McDaniel to replead.

McDaniel
repleaded his two fee claims, adding constitutional challenges to the sewer tap
fee claim and the building permit fee claim.[5]  The Town filed a third
plea to the jurisdiction, again asserting the same grounds as its other two
pleas to the jurisdiction except incorporating claims that the trial court also
lacked jurisdiction over McDaniel’s constitutional claims.  The trial court
denied the Town’s third plea to the jurisdiction, and McDaniel’s two fee claims
proceeded to a two-day nonjury trial.  At the conclusion of the bench trial,
the trial court signed an order of dismissal, specifically finding that it
lacked jurisdiction and ordering “all claims herein be and are hereby
dismissed.”  The trial court also signed findings of fact and conclusions of
law.

McDaniel
perfected this appeal from the order of dismissal.  In two issues, McDaniel
claims that the trial court does possess jurisdiction over all three of his
claims:  the sign claim, the sewer tap fee claim, and the building permit fee claim. 
The Town responds that it possesses immunity from all of McDaniel’s claims
under various theories; the Town also argues that McDaniel lost his standing
after he filed suit by selling the storage facility and that, therefore, the
trial court properly dismissed all of McDaniel’s claims.

III.  Standard
of Review

          The
parties disagree on the applicable standard of review.  McDaniel urges us to
apply the standard of review applicable to pleas to the jurisdiction, arguing
that by signing an order that dismissed his “case and all claims” and that
expressly stated that “the Court finds that it does not have jurisdiction,” the
trial court granted the Town’s third plea to the jurisdiction and did not reach
the merits of any of McDaniel’s claims.  The Town, on the other hand, urges us
to apply the legal and factual sufficiency standards of review applicable to
findings of fact and conclusions of law, arguing that McDaniel’s claims were
tried in a two-day bench trial, that the trial court signed findings of fact
and conclusions of law, and that the order of dismissal must be upheld on any
theory supported by the findings of fact and conclusions of law, whether merit-based
or related to jurisdiction.

McDaniel
and the Town are both partially correct.  We agree with McDaniel that, because
the trial court signed an order dismissing all of his claims for want of
jurisdiction, the trial court ruled only on the jurisdictional issue and did
not reach the merits of his claims except to the extent necessary to resolve
the jurisdictional issues.  See, e.g., Cnty. of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002) (explaining that in reaching a decision on
jurisdiction, the trial court does not weigh merits of claims).  We agree with
the Town that because the trial court resolved the jurisdictional issue at the
trial on the merits, acting as the factfinder to resolve disputed
jurisdictional facts implicating the merits of McDaniel’s claims, see Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004)
(recognizing that in some cases the jurisdictional facts implicated in the
sovereign’s plea to the jurisdiction are so intertwined with the underlying
merits that the factfinder must resolve the disputed facts concerning
jurisdiction at a trial on the merits), its unchallenged jurisdictional-related
findings of fact are binding on this court unless the contrary is established
as a matter of law.  Id.; McGalliard v. Kuhlmann, 722 S.W.2d 694,
696 (Tex. 1986).  Because the appellate record contains a complete reporter’s
record of the trial, the trial court’s jurisdictional-related findings of fact
may be challenged for and reviewed for legal and factual sufficiency of the
evidence.  See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  The trial court’s nonjurisdictional-related
findings of fact, however, are not relevant to our review of whether the trial
court properly dismissed all of McDaniel’s claims for want of jurisdiction.  See
Miranda, 133 S.W.3d at 226, 228 (recognizing trial court reviews only
jurisdictional-related evidence in determining jurisdiction); Cnty. of
Cameron, 80 S.W.3d at 555 (limiting jurisdictional inquiry to review
of evidence related to jurisdiction).

Thus,
in summary, as set forth above, because the trial court ruled on the
jurisdictional issues following a bench trial, we review the trial court’s
findings of fact related to jurisdiction that are challenged on appeal for
legal and factual sufficiency; we review the trial court’s legal conclusions
regarding jurisdiction de novo; and we do not review at all the trial court’s
findings of fact or conclusions of law that are related only to the merits of
McDaniel’s claims and not to jurisdiction.  See Miranda, 133 S.W.3d at
226, 228.

In
reviewing the trial court’s findings of fact related to jurisdiction that are
challenged on appeal, we utilize the same standards that we apply in reviewing
jury findings.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex. 1991); Ahmed v. Ahmed, 261 S.W.3d 190, 193–94 (Tex. App.—Houston
[14th Dist.] 2008, no pet.).  When reviewing the legal sufficiency of the
evidence to support a finding of fact, we determine whether the evidence would
enable reasonable and fair-minded people to reach the finding under review.  City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  In conducting this
review, we credit favorable evidence if reasonable factfinders could and
disregard contrary evidence unless reasonable factfinders could not.  Id.
 We consider the evidence in the light most favorable to the finding under
review and indulge every reasonable inference that would support it.  Id.
at 822.  We must, and may only, sustain no-evidence points when either the
record reveals a complete absence of evidence of a vital fact, the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, the evidence offered to prove a vital fact is no
more than a mere scintilla, or the evidence establishes conclusively the
opposite of the vital fact.  Id. at 810.

IV.  The Town’s Alternative Theories

Before
addressing McDaniel’s challenges to the trial court’s dismissal of his claims,
we address the Town’s contentions that, regardless of the propriety of the
trial court’s ruling on the Town’s plea to the jurisdiction, the trial court
properly dismissed all of McDaniel’s claims because (1) although McDaniel may
have possessed standing when he filed suit, he “lost” standing to assert all of
his claims when he sold the property during litigation; (2) McDaniel did not
challenge the validity of the sewer tap fee ordinance or the building permit
fee ordinance; and (3) the trial court found that McDaniel voluntarily paid the
fees without protest and without duress.

A.  McDaniel’s
Standing

The
Town asserts that the trial court properly dismissed all of McDaniel’s claims
because McDaniel “lost” standing to assert them when, in 2008 during the course
of the litigation, he sold the self-storage facility property to MeMc I, LLC.  
In Texas, the standing doctrine requires that there be (1) “a real controversy
between the parties” that (2) “will be actually determined by the judicial
declaration sought.”  Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d
845, 849 (Tex. 2005).  The cause of action for an injury to property belongs to
the person owning the property at the time of the injury. Vial v. Gas
Solutions, Ltd., 187 S.W.3d 220, 226–27 (Tex. App.—Texarkana 2006, no pet.);
Glover v. Union Pac. R.R. Co., 187 S.W.3d 201, 209 (Tex. App.—Texarkana
2006, pet. denied); see also Denman v. Citgo Pipeline Co., 123 S.W.3d
728, 732 (Tex. App.—Texarkana 2003, no pet.) (holding plaintiff property owners
lacked standing when injury to property occurred before plaintiffs purchased
the property and their deeds contained no assignment of any cause of action).  Only
the person whose primary legal right has been breached has standing to seek
redress for an injury.  Nobles v. Marcus, 533 S.W.2d 923, 927 (Tex. 1976);
Glover, 187 S.W.3d at 209.

Here,
the Town contends that McDaniel possessed standing when he filed suit because
he owned the property but that his sale of the property during the litigation
deprived him of standing.  To the extent ownership of the property is relevant
to McDaniel’s standing, he owned the property at the time of the payment of the
building permit fees and sewer tap fees that he claims were improperly
calculated, and he paid them personally.  He also owned the property when the
Town decided that the SUP did not authorize him to erect a monument sign and
denied him the right to do so.  Thus, McDaniel possesses standing regardless of
any subsequent sale of the property.  Vial, 187 S.W.3d at 226–27; Glover,
187 S.W.3d at 209; see also Denman, 123 S.W.3d at 732.  And, more
importantly, despite the sale of the property, McDaniel pleaded and proved for
jurisdictional purposes that he suffered a particularized injury distinct from
that suffered by the general public.  See, e.g., Bland ISD v. Blue, 34
S.W.3d 547, 555–56 (Tex. 2000); Glover, 187 S.W.3d at 209.  We reject
the Town’s contention that McDaniel’s sale of the self-storage facility in 2008
after he had personally paid the building permit fees and sewer tap fees and
after the Town had denied him the right to erect a monument sign caused him to
lose standing. 

B. 
Challenges to Ordinances

          The
Town claims that McDaniel failed to challenge the validity of the ordinances at
issue.  But the record reflects that McDaniel does not complain of the invalidity
of the ordinances; he instead complains that the way in which the Town applied the
valid ordinances to him was unconstitutional.  McDaniel claims that the Town
miscomputed the sewer tap fees he owed under the sewer tap ordinance, resulting
in an overcharge,[6] and misapplied portions
of the building fee permit ordinance to his property, also resulting in an
overcharge, not that the ordinances themselves are invalid.  McDaniel’s fifth
amended petition pleaded in part, “Plaintiff is, inter alia, requesting that
this Honorable Court declare the application of the Ordinance to be
violative of Plaintiff’s rights guaranteed to them by the Texas Constitution.” 
[Emphasis added].  McDaniel specifically pleaded that the illegal fees imposed
by the Town under its sewer tap fee ordinance and its building fee permit
ordinance amounted to a taking without due process of law.  Thus, contrary to
the Town’s contention, McDaniel did challenge the ordinances to the extent he
challenged the way, and the constitutionality of the way, that the Town applied
them to him; the Town has not cited, and we have not located, case law
supporting the proposition that anything more is required when a plaintiff
challenges the legality or constitutionality of fees based on the way a
municipality computed the fees owed by the plaintiff under a particular
ordinance.

C.  Payment
Under Protest

          The
trial court’s findings of fact 10 and 11 state, respectively, that “[a]ll
building permit fees and sewer connection or tap fees were paid voluntarily
with full knowledge and awareness of all facts, and without mutual mistake of fact,
fraud or duress,” and “[a]ll building permit fees and sewer connection or tap
fees were paid without protest.”  McDaniel pleaded that all fees were paid
under protest[7] and on appeal challenges
the legal sufficiency of the evidence to support findings of fact 10 and 11.  McDaniel
argues that the evidence conclusively establishes the opposite of findings of
fact 10 and 11; that is, that he paid the fees under business compulsion,
duress, or implied duress.

Charles
Wright, the building official and the director of public works for the Town,
testified:

Q.  Did -- Mr.
McDaniel ultimately paid the amounts that are represented in Exhibit 18,
correct?

 

A.  Yes.

 

Q.  And if he had not
paid that amount that you specified, would he have been able to build the project
that had been approved by the SUP?

 

A.  No, he would not.

 

Q.  He would not have
been able to go forward at all?

 

A.  Not at all, not
without being fined.

 

Q. And not only not
-- not being fined, but it’d be a criminal violation wouldn’t it?

 

A.  It could be.

 

Q.  And this Town
could prosecute him?

 

A.  It’d be a -- to
my knowledge, it would be a Class C misdemeanor. 

          Concerning
the sewer tap fees, McDaniel testified:

Q.  If you hadn’t
paid the sewer tap fee, would you have been able to tap into the sewer line?

 

A.  I don’t believe
so.

 

Q.  Did you need the
sewer line to operate your business?

 

A.  Yes. 

          The
supreme court has repeatedly recognized that business compulsion constitutes
duress and defeats a claim of voluntary payment of an illegal tax or fee.  See
Lowenberg v. City of Dallas, 261 S.W.3d 54, 59–60 (Tex. 2008)
(holding that payment of city fee implemented through city ordinance and assessed
against commercial buildings to generate funds for fire protection services was
not voluntary when nonpayment of the fee constituted a Class C misdemeanor); Miga
v. Jensen, 96 S.W.3d 207, 211 (Tex. 2002) (holding compulsion implied by
the threat of statutory penalties and interest for failure to pay the
governmental exaction); Highland Church of Christ v. Powell, 640 S.W.2d
235, 237 (Tex. 1982) (holding that duress may be implied from a statute that
imposes a penalty and interest for failure to timely pay a tax); State v.
Akin Prods. Co., 286 S.W.2d 110, 111–12 (Tex. 1956) (holding that if a
reasonably prudent man finds that in order to preserve his property or protect
his business interest it is necessary to make a payment of money which he does
not owe, the taxes are paid under duress); Crow v. City of Corpus Christi,
146 Tex. 558, 563, 209 S.W.2d 922, 925 (1948) (holding city ordinance requiring
payment of illegal cab operator’s license fee under threat of forfeiting the right
to do business constituted payment under duress or business compulsion as a
matter of law).  The evidence in the record before us conclusively establishes
that McDaniel’s payment of the fees was not voluntary; we need not decide whether
he paid the fees under the theory of business compulsion, the theory of duress,
or the theory of implied duress.  The record conclusively establishes that
McDaniel’s payment of the fees was not voluntary because payment was necessary
to avoid committing a Class C misdemeanor, to preserve his property, to protect
his business interest, and to avoid forfeiting his right to do business as a
self-storage facility.

          Findings
of fact numbers 10 and 11 are supported by legally insufficient evidence.  In
fact, the evidence conclusively establishes the opposite of these findings;
that is, the evidence conclusively establishes that McDaniel did not
voluntarily pay the fees.  See City of Keller, 168 S.W.3d at 810 (explaining
that appellate court must sustain no-evidence challenge when the evidence
conclusively establishes the opposite of the challenged fact).  So, to the
extent findings of fact 10 and 11 may be intertwined with the jurisdictional
issue, because they are supported by legally insufficient evidence, they
provide no factual basis for the trial court’s legal ruling that it lacked
jurisdiction over all of McDaniel’s claims.

          Having
determined that each of the three alternative theories propounded by the Town
for affirming the trial court’s dismissal order are not meritorious, we next
address McDaniel’s two issues challenging the order dismissing his claims for
want of jurisdiction. 

V. 
The Trial
Court Possesses
Jurisdiction Over
McDaniel’s Claims

A.  The Sign Claim

          The
Town never asserted immunity concerning McDaniel’s sign claim.  To the
contrary, the Town pleaded that McDaniel’s sign claim was not barred by
immunity by pleading:  “The sole claim of Plaintiff that is not barred by
immunity is the request that the Court issue a declaration that the Town had
approved his commercial sign when it granted him the specific use permit.”  And
prior to the Town’s interlocutory appeal, McDaniel pleaded for––and after the
interlocutory appeal he obtained––a February 5, 2009 declaratory judgment
summary judgment that the SUP granted by the Town to McDaniel authorized him to
erect a monument sign.  Specifically, the summary judgment granted to McDaniel
provided:

Therefore,
it is hereby:

 

ORDERED, ADJUDGED AND
DECREED that Plaintiff Michael McDaniel’s Partial Motion for Summary Judgment
is GRANTED;

 

It is further
ORDERED, ADJUDGED AND DECLARED that Defendant The Town of Double Oak (“Double
Oak”) approved Plaintiff Michael McDaniel’s (“McDaniel”) monument sign when
Double Oak granted McDaniel’s Specific Use Permit application (“SUP”) and
adopted an ordinance granting the SUP;

 

It
is further ORDERED, ADJUDGED AND DECLARED that McDaniel is entitled to install
a monument sign as set forth in the plat approved and adopted during the SUP
process, the architectural review process[,] and the Ordinance Amendment, and
shall be installed as specifically designated in Exhibit “A”, attached
hereto[.] 

We
have thoroughly reviewed the reporter’s record from the bench trial and the
exhibits admitted into evidence.  McDaniel’s sign claim was not mentioned in
any way during the trial; it was simply not tried in the bench trial conducted
before the court.  Indeed, why would it have been since a summary judgment had
been granted on that claim?  Instead, during closing arguments, the Town argued
for the first time to the trial court:

[Y]ou should
reconsider the -- the interim summary judgment that -- that granted them the
relief that they’re asking for in connection with the monument sign.  I
didn’t produce any evidence, and – and the only thing that I can do about
that -- frankly, there’s nothing that I can do about that unless and until
there’s an appeal of this case.  That issue was based solely on an
interpretation of the actual SUP that gave him the right to operate this
business in the first place. . . . In any event, I could not take an
interlocutory appeal on that part of the -- of the February 2009 orders because
it was -- it was an interim summary judgment, not a plea to the jurisdiction. 
I did not have the right to take an interlocutory appeal. . . . If they lack
standing to bring this lawsuit at all, if -- MeMcI is the real party in
interest, and in fact it is, and MeMcI has never sued the Town of Double Oak,
then this case has to be dismissed which means all of it has to be dismissed,
including the interim orders.  [Emphasis added].

The
Town conceded in closing argument, as quoted and italicized above, that no
evidence was admitted at trial concerning McDaniel’s sign claim.

          Although
no evidence exists in the record concerning the sign claim, the trial court’s
finding of fact number 8 nonetheless states that

[t]he claims of
Plaintiff relating to the monument sign are brought under the Texas Declaratory
Judgment Act, Chapter 37, Texas Civil Practice and Remedies Code.  The claims
assert that a Specific Use Permit zoning ordinance adopted by the Town in 2004
granted him the right to construct a monument sign in specific dimensions and
design.  This ordinance does not specify the dimensions or design of the
monument sign and does not authorize the construction of a monument sign.

No
evidence supports finding of fact number 8; and moreover, to the extent finding
of fact number 8 reaches the merits of McDaniel’s sign claim, it is not
pertinent to our analysis of whether the trial court possessed jurisdiction
over McDaniel’s sign claim and erred by dismissing the sign claim for want of
jurisdiction.  For both of these reasons, we disregard finding of fact number
8.

In
summary, because the Town conceded that it did not possess sovereign immunity
for McDaniel’s sign claim, because the record reflects and the Town conceded
that it “didn’t produce any evidence” at trial concerning McDaniel’s claim on which
summary judgment had already been granted, and because we have held that
McDaniel did not lose standing when in 2008 he transferred or sold his storage
facility to an entity named MeMc I, LLC., we sustain the portion of McDaniel’s
first issue complaining that the trial court erred by dismissing his sign claim
for want of jurisdiction.

B. 
The Sewer Tap Fees and Building Permit Fees Claims

In
his sewer tap fees claim, McDaniel did not challenge the validity of the City’s
ordinance.  Instead, he asserted a declaratory judgment action seeking a
declaration that the Town had miscalculated the fees he owed pursuant to the
ordinance and asserted in a common law and constitutional equitable recoupment
claim that he was entitled to reimbursement for the portion of the fees that
were illegally and unconstitutionally assessed against him.  The Town concedes that
it overcharged McDaniel for the sewer tap fees, stating in its brief, “It is
important to note that in this appeal the Town does not maintain that the sewer
tap fee was calculated correctly.  The language of the ordinance and the proof
regarding the way in which the fee was calculated suggest that the Town erred
in its calculation.”  In his building permit fees claim, McDaniel likewise did
not challenge the validity of the ordinance, but he sought a declaration that
the Town had miscalculated the fees he owed under the ordinance and asserted a
common law and constitutional equitable recoupment claim that he was entitled
to reimbursement for the portion of the fees that were illegally and
unconstitutionally assessed against him.  Concerning the building permit fee
claim, McDaniel pleaded that “Double Oak effectively charged $36,930 more than
it was entitled to charge” for the building permit fees based on the type of
buildings erected.

A
person who pays government fees and taxes under business compulsion, duress, or
implied duress has a valid claim for their repayment.  Dallas Cnty. Cmty.
Coll. Dist. v. Bolton, 185 S.W.3d 868, 877 (Tex. 2005) (citing Union Cent.
Life Ins. v. Mann, 158 S.W.2d 477, 479 (Tex. 1941)); see Lowenberg,
261 S.W.3d at 59 (rendering judgment for plaintiffs in declaratory judgment
tax refund suit and explaining that city “cannot extract millions in unlawful
fees and fines, decide the whole thing was a mistake, keep the money, and
insist the whole matter is moot”); Camacho v. Samaniego, 831 S.W.2d 804,
812–14 (Tex. 1992) (holding plaintiffs entitled to refund of preconviction bail
bond fee they had paid and remanding case for trial on damages); Akin Prods.
Co., 286 S.W.2d at 111–12 (holding that plaintiff was entitled to refund of
taxes paid under protest); Crow, 209 S.W.2d at 925 (rendering judgment
that plaintiff recover taxes and charges paid to the city per its ordinance); Gatesco,
Inc. v. City of Rosenberg, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th
Dist.] 2010, no pet.) (holding “governmental immunity will not defeat a claim
for declaratory or injunctive relief seeking the refund of illegally collected
taxes or fees if the plaintiff alleges ‘that the payments were made as a result
of fraud, mutual mistake of fact, or duress, whether express or implied’”)
(quoting Nivens v. City of League City, 245 S.W.3d 470, 474 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied)); Saturn Capital Corp. v. City of Houston,
246 S.W.3d 242, 245 (Tex. App.––Houston [14th Dist.] 2007, pet. denied)
(explaining that “Texas has long recognized . . . that sovereign immunity does
not prevent a party who paid illegal government taxes and fees under duress
from filing a lawsuit to seek their repayment”); Appraisal Review Bd. of El
Paso Cnty. Cent. Appraisal Dist. v. Fisher, 88 S.W.3d 807, 811–13 (Tex.
App.––El Paso 2002, pet. denied)[8] (holding that “courts
have historically asserted jurisdiction over suits where a taxpayer alleges
violations of his/her constitutional rights”).

The
reason that these types of claims are not barred by governmental immunity has
been succinctly articulated:

Governmental immunity
from suit defeats a trial court’s subject-matter jurisdiction and is properly
asserted in a plea to the jurisdiction. Tex. Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). Generally, a party suing a governmental entity
must establish consent to sue, which may be alleged either by reference to a
statute or to express legislative permission. See Mo. Pac. R.R. Co. v.
Brownsville Navigation Dist., 453 S.W.2d 812, 814 (Tex. 1970).

 

However,
where a claim for declaratory or injunctive relief is brought seeking the
refund of illegally collected tax payments, governmental immunity will not
apply if the taxpayer alleges that the payments were made as a result of fraud,
mutual mistake of fact, or duress, whether express or implied. See Dallas
County Cmty. College Dist. v. Bolton, 185 S.W.3d 868, 876–79 (Tex. 2005)
(holding that a taxpayer cannot bring a suit for the return of illegally
collected taxes if the payments were made voluntarily); see also Camacho v.
Samaniego, 954 S.W.2d 811, 822 (Tex. App.—El Paso 1997, pet. denied). The
revenue generated from a tax determined to be illegal should not be treated as
property of the State or municipality to which the principles of sovereign
immunity apply, and an illegally collected fee should be refunded if paid as a
result of fraud, mutual mistake of fact, or duress, without respect to waiver
of sovereign immunity. See Camacho, 954 S.W.2d at 822; Austin Nat’l
Bank of Austin v. Sheppard, 123 Tex. 272, 71 S.W.2d 242, 246 (1934). No
legislative consent to sue is needed under these circumstances.

Nivens,
245 S.W.3d at 474; see also Tara Partners, Ltd. v. City of S. Houston,
282 S.W.3d 564, 576–77 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (recognizing
claim for repayment of fees not barred by sovereign immunity but holding
plaintiffs did not adequately plead facts necessary to invoke jurisdiction
under this doctrine).

Here,
McDaniel pleaded and offered conclusive evidence that he had paid the invalid,
illegal portion of the sewer tap fees and building permit fees under business
compulsion, duress, or implied duress.  The Town concedes it overcharged
McDaniel concerning the sewer tap fees and concedes that McDaniel paid the
amount he was overcharged.  The amount of money that the Town overcharged
McDaniel for the sewer tap fees and the amount of money that the Town allegedly
overcharged McDaniel for the building permit fees are not treated as revenues
belonging to the Town because McDaniel paid the fees under business compulsion
or duress or implied duress, and sovereign immunity does not bar McDaniel’s declaratory
judgment action and suit for their recoupment.  See Bolton, 185 S.W.3d at
877 (holding that “a person who pays government fees and taxes under duress has
a valid claim for their repayment”); see, e.g., Lowenberg, 261 S.W.3d at
59 (rendering judgment for plaintiffs in declaratory judgment tax refund suit);
Akin Prods. Co., 286 S.W.2d at 111–12 (holding that plaintiff was
entitled to refund of taxes paid under protest); Crow, 209 S.W.2d at 925
(rendering judgment that plaintiff recover taxes and charges paid to the city
per its ordinance); Gatesco, Inc., 312 S.W.3d at 146 (holding trial
court “had jurisdiction over appellants’ claims disputing Rosenberg’s
imposition of water and sewer service fees, appellants’ claims for declaratory
relief related to Rosenberg’s implementation and enforcement of its Code of
Ordinances, appellants’ claims for prospective injunctive relief related to
Rosenberg’s water and sewer service fees, and appellants’ claims for costs and
attorney’s fees” and remanding appellants’ claim for recovery of overcharges because,
unlike here, appellants did not plead that the overcharges were paid under
duress, and appellants needed to be given an opportunity to replead); Saturn
Capital Corp., 246 S.W.3d at 245 (reversing trial court’s grant of city’s
plea to the jurisdiction on Saturn’s claim that city erroneously required
Saturn to pay off demolition lien); Nivens, 245 S.W.3d at 474 (“where a
claim for declaratory . . . relief is brought seeking the refund of illegally
collected tax payments, governmental immunity will not apply if the taxpayer
alleges that the payments were made as a result of fraud, mutual mistake of
fact, [or] duress, whether express or implied”).  McDaniel likewise pleaded an
equitable claim for a refund of the fees he was overcharged by pleading that
the overpayment violated his constitutional rights, and sovereign immunity does
not bar this claim.  See, e.g., Nivens, 245 S.W.3d at 474.[9]

We
sustain McDaniel’s second issue and the remainder of his first issue claiming
that the trial court erred by dismissing his sewer tap fees claim and his
building permit fees claim for want of jurisdiction. 

VI.  Conclusion

Having
addressed and rejected the independent grounds for affirmance asserted by the
Town, and having sustained McDaniel’s two issues, we reverse the trial court’s
order dismissing all of McDaniel’s claims for want of jurisdiction.  We remand
this case to the trial court for further proceedings consistent with this
opinion.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  March 1, 2012









[1]See Tex. R. App. P. 47.4.





[2]The Town pleaded, “The
sole claim of Plaintiff that is not barred by immunity is the request that the
Court issue a declaration that the Town had approved his commercial sign when
it granted him the specific use permit.”





[3]In the interlocutory
appeal, we specifically noted that McDaniel’s sign claim was not before us.  See
Town of Double Oak v. McDaniel, No. 02-09-00046-CV, 2009 WL 2579613, at *3
n.7 (Tex. App.—Fort Worth 2009, no pet.).





[4]Id. at *4 (remanding
McDaniel’s declaratory judgment claims to the trial court to afford McDaniel
the opportunity to replead).





[5]McDaniel actually added
his constitutional claims to an earlier petition, but they were not addressed
by the Town’s plea to the jurisdiction and consequently were specifically not
addressed by this court in the Town’s interlocutory appeal.  See id. at
*3 n.3 (noting that “[i]n McDaniel’s most recent petition, he adds claims for
violations of the Texas constitution.  These claims were not addressed in [the
Town’s] plea to the jurisdiction”).





[6]The Town concedes that it
did miscalculate the sewer tap fees and that McDaniel proved the miscalculation
at trial; the Town’s appellate brief states, “It is important to note that in
this appeal the Town does not maintain that the sewer tap fee was calculated
correctly.  The language of the ordinance and the proof regarding the way in
which the fee was calculated suggest that the Town erred in its calculation.”





[7]Specifically, McDaniel
pleaded concerning the sewer tap fee that he paid “the fee under duress so that
he could complete his development on time”; concerning the building permit fee,
he pleaded that he “paid these fees under duress.  Both the Town and its
attorney made it clear that if McDaniel did not pay the fees he would not be
permitted to construct his project and could also face significant penalties”;
and concerning both fees generally, he pleaded that “the financially crippling
over-invoicing . . . has left McDaniel unable to maximize the commercial
property’s value, resulting in significant financial harm[,]” that he “paid the
fees under protest and under the continued duress of the Town’s comply or close
your business mentality[,]” that “McDaniel continues to suffer damages as a
result of Double Oak’s persistent refusal to properly apply its own city
ordinance[,]” that the illegal portion of the fees constituted a taking that
was “completed without McDaniel’s voluntary consent[,]” and that “McDaniel
protested the amount of fees before paying; however, Double Oak refused to
return the excess permit fee amounts he was forced to pay.”  Likewise, on
appeal, McDaniel argues that the evidence conclusively established he paid the
fees under protest.





[8]Citing Republic Ins.
Co. v. Highland Park ISD, 141 Tex. 224, 227–28, 171 S.W.2d 342, 344 (1943);
State, Cnty. of Bexar v. Southoaks Dev. Co., 920 S.W.2d 330,
335–36 (Tex. App.––San Antonio 1995, writ denied); Inwood Dad’s Club, Inc.
v. Aldine ISD, 882 S.W.2d 532, 537–38 (Tex. App.—Houston [1st Dist.] 1994,
no writ); City of Houston v. Harris Cnty. Outdoor Adver. Ass’n, 879
S.W.2d 322, 334 (Tex. App.––Houston [14th Dist.] 1994, writ denied), cert.
denied, 516 U.S. 822 (1995); New v. Dallas Appraisal Review Bd., 734
S.W.2d 712, 714 (Tex. App.––Dallas 1987, writ denied); Garza v. Block
Distrib. Co., 696 S.W.2d 259, 262 (Tex. App.––San Antonio 1985, no
writ); City of Corpus Christi v. Arnold, 424 S.W.2d 492, 496 (Tex. Civ. App.––Corpus
Christi 1968, writ ref’d n.r.e.); and City of El Paso v. Howze, 248 S.W.
99, 100–01 (Tex. Civ. App.—El Paso 1923, writ ref’d).





[9]Citing cases listed
in footnote 8.