The CITY OF DALLAS, Appellant,

v.

Paul C. WOODFIELD, Appellee.

No. 05–08–01652–CV.

Court of Appeals of Texas,
Dallas.

Jan. 29, 2010.

Rehearing Overruled March 8, 2010.

James Pinson, City Attorney's Office, Dallas, TX, for Appellant.

Paul C. Woodfield, Dallas, TX, for Appellee.

Before Justices O'NEILL, FRANCIS, and LANG.

## OPINION

Opinion By Justice LANG.

The City of Dallas appeals the portion of the county court's interlocutory order denying its plea to the jurisdiction with respect to Paul C. Woodfield's request for a declaratory judgment that section 9–8 of the Dallas City Code is unconstitutional. *See* DALLAS, TEX., DALLAS CITY CODE § 9–8 (2008). In two issues, the City argues the county court does not have civil equity jurisdiction to grant a declaratory judgment on the construction or validity of section 9–8 of the Dallas City Code because there is no threat of irreparable injury to Woodfield's vested property rights.

In their briefs and the pleadings filed in the county court, the parties have advised that Woodfield was cited for operating or riding a bicycle without wearing a helmet in violation of Dallas City Code section 9–8(a) and the case was set before the municipal court for the City of Dallas, cause no. C16–143388–13. *See id.* § 9–8(a). Also, the parties advised that the municipal court dismissed the case against Woodfield

for compliance. *See id.* § 9–8(d)(2). This Court requested supplemental briefing from both parties on the issue of whether the case is moot. *See* TEX.R.APP. P. 42.3.

After reviewing the supplemental briefing, we conclude this case is moot because there is no longer a live controversy between the parties. Also, we conclude an exception to the doctrine of mootness does not apply. The county court's order regarding the City's plea to the jurisdiction is vacated and the case is dismissed. *See* TEX.R.APP. P. 43.2(e).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Woodfield was cited for operating or riding his bicycle without wearing a helmet in violation of Dallas City Code section 9–8(a), which is a Class C misdemeanor. *See id.* §§ 9–8, 9–10; TEX. PENAL CODE ANN. § 12.41(3) (Vernon Supp.2009). While the criminal charge was pending against Woodfield in the municipal court, Woodfield filed this civil equity lawsuit in the county court. Woodfield requested the county court to dismiss the criminal charges pending in the municipal court and to issue a permanent injunction enjoining the City from enforcing section 9–8 of the Dallas City Code. No temporary injunction was requested. In the county court, the City filed a plea to the jurisdiction, arguing the civil equity lawsuit should be dismissed because Woodfield did not have a vested property right in operating or riding a bicycle without wearing a helmet.

Meanwhile in municipal court, Woodfield asserted the defense to prosecution provided in section 9–8(d)(2) of the Dallas City Code, by demonstrating to the municipal court that it was his first offense and he owned or acquired a helmet. *See* DALLAS, TEX., DALLAS CITY CODE § 9–8(d)(2). As a result, the municipal court dismissed the criminal case for compliance. The record does not show that he challenged the constitutionality of section 9–8 of the Dallas City Code in the criminal case.

After the criminal case was dismissed in the municipal court, Woodfield twice amended his petition in the county court. In his second amended petition, Woodfield sought both a declaratory judgment and a permanent injunction preventing the City from enforcing section 9–8 of the Dallas City Code "to the detriment of Woodfield and all citizens." Woodfield asserted that he was "suffering a violation of his vested property rights and imminent and irreparable injury by the City's continued enforcement of [section 9–8 of the Dallas City Code]" because section 9–8 "illegally restricts the ordinary use of his property (bicycle), the ordinary use of streets and highways, and subjects him to improper and unconstitutional harassment by the police, fines and potential incarceration."

After a hearing on the City's plea to the jurisdiction, the county court denied the City's plea as to Woodfield's request for a declaratory judgment and stayed the City's plea as to Woodfield's request for injunctive relief. The City appealed the denial of its plea to the jurisdiction.

## II. THE CASE HAS BECOME MOOT

During the pendency of this interlocutory appeal, this Court questioned whether the civil equity case became moot when the municipal court dismissed the criminal case against Woodfield. Although the City seeks reversal specifically of the portion of the county court's order denying its plea to the jurisdiction, the City responded the case was not moot and this Court has subject matter jurisdiction to review the county court's order because there remains a live controversy between the parties. Woodfield also responds that there is a live controversy and, in the alternative,

he claims an exception to the doctrine of mootness applies.

### A. Standard of Review

Whether a court has subject matter jurisdiction is a legal question that is reviewed de novo. *See Trulock v. City of Duncanville,* 277 S.W.3d 920, 923 (Tex. App.-Dallas 2009, no pet.). The mootness doctrine implicates subject matter jurisdiction. *See id.*

### B. No Live Controversy Remains

In response to our inquiry about mootness, the City argues there is a live controversy between the parties because section 9–8 of the Dallas City Code is being enforced and even though Woodfield is not currently being prosecuted for violating it, the threat of prosecution is imminent. Woodfield responds that he continues to be threatened with enforcement because he continues to operate or ride his bicycle without wearing a helmet. Also, he claims that on two occasions subsequent to the dismissal of the citation against him, the police have "harassed him under the pretext of this unconstitutional ordinance."[1] However, Woodfield admits he was not cited on those two occasions. Further, Woodfield claims that he enjoys a "level of standing that may not be rebutted—[he] has the absolute right to challenge unlawful actions and violation [sic] of the state's [sic] constitution by the City of Dallas .... [n]o personal interest is necessary when government [sic] is found to violate law [sic], the constitution or its own charter. Even those taxpayers who do not own a bicycle have standing to challenge this unconstitutional [section of the Dallas City Code]."

### 1. Applicable Law

An appellate court is prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones,* 1 S.W.3d 83, 86 (Tex.1999); *Trulock,* 277 S.W.3d at 923. This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions. *See Nat'l Collegiate,* 1 S.W.3d at 86; *Trulock,* 277 S.W.3d at 923–24.

For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *See Trulock,* 277 S.W.3d at 924. If a case becomes moot, the parties lose their standing to maintain their claims. *Id.* A case on appeal is moot if there are no live controversies between the parties and any decision rendered by the appellate court would be an advisory opinion. *Trulock,* 277 S.W.3d at 924; *Seals v. City of Dallas,* 249 S.W.3d 750, 754 (Tex.App.-Dallas 2008, no pet.) (citing *Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988)); *cf. VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex.1993) (issue on appeal is moot if either a party seeks judgment on controversy that does not really exist or a party seeks judgment which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy). If a case is moot, the appellate court is required to vacate any judgment or order in the trial court and dismiss the case. *See Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 228 (Tex. 1993).

### 2. Application of the Law to the Facts

To determine whether there is a live controversy between Woodfield and

---

1. Nothing in the record supports this contention other than Woodfield's assertion in the post-submission briefing we requested on the issue of mootness.

the City, we must look to the types of cases where civil equity jurisdiction exists to challenge a penal statute. Because Texas has a bifurcated system of civil and criminal jurisdiction, the meaning and validity of a penal statute should ordinarily be determined by a court exercising criminal jurisdiction to avoid conflicting decisions between civil and criminal courts of last resort regarding the statute's meaning and validity. *See State v. Morales*, 869 S.W.2d 941, 945 (Tex.1994). A civil court may exercise equity jurisdiction to construe a criminal statute in a "narrow" set of circumstances. *See id.* at 944. Equity will not ordinarily interfere with criminal prosecutions under unconstitutional statutes or ordinances unless the prevention of such prosecution is essential to safeguarding the rights of property. *See id.*

 The Texas Supreme Court posited that there are four types of situations that could arise where a party might attempt to obtain relief from an equity court based on the alleged unconstitutionality of a penal statute or ordinance: (1) the statute or ordinance is enforced and the party is being prosecuted; (2) the statute is enforced and the threat of prosecution is imminent, although the party has yet to be prosecuted; (3) there is no actual or threatened enforcement of the statute or ordinance and the party does not seek an injunction against its enforcement, but the statute or ordinance is nonetheless integrally related to conduct subject to the court's equity jurisdiction; and (4) there is no actual or threatened enforcement of the statute or ordinance and no complaint of specific conduct remediable by injunction. *Id.* at 944–45. Only in the first three

categories did the Texas Supreme Court conclude that civil courts would have equity jurisdiction to review the constitutionality of a penal statute or ordinance.[2] As to the fourth scenario, the Texas Supreme Court concluded, "In this most abstract of contexts from which to decipher constitutional mandates, equity jurisdiction is plainly lacking." *Id.* at 946.

 Both the City and Woodfield argue Woodfield's civil equity lawsuit falls within the second category of cases where the statute is enforced and the threat of prosecution is imminent, although the party has yet to be prosecuted. In such cases, a person who has been threatened with enforcement and proceedings are about to commence against him may request a civil equity court to enjoin the enforcement of such a law. *See Champlin Refining Co. v. Corp. Comm'n of Okla.*, 286 U.S. 210, 238, 52 S.Ct. 559, 76 L.Ed. 1062 (1932). The City advises that it is continuing to enforce section 9–8 of the Dallas City Code. However, the record reflects the criminal prosecution against Woodfield is no longer imminent or about to commence, it was completed when Woodfield pleaded the defense of compliance pursuant to section 9–8(d)(2) of the Dallas City Code and the municipal court dismissed the criminal case. Further, Woodfield admits he has not been subsequently cited for violations of section 9–8 of the Dallas City Code. Accordingly, Woodfield falls in the fourth category of cases because there is no complaint of specific conduct remediable by injunction. In this fourth category of cases, equity jurisdiction is plainly lacking. *Morales*, 869 S.W.2d at 946; *see also Trulock*, 277

---

**2.** The Texas Supreme Court noted that most civil equity cases fall within the first two categories. *Morales*, 869 S.W.2d at 945. In those two categories, it is well-settled that courts of equity will not interfere with the ordinary enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights. *Id.*

S.W.3d at 926 (Trulock convicted and no further charges or actions pending); *cf. Reese v. City of Hunter's Creek Village*, 95 S.W.3d 389 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (concluded trial court did not err when it granted City's plea to jurisdiction in civil equity lawsuit challenging municipal ordinance without discussing doctrine of mootness, even though Reese pleaded no contest to citation (opinion does not state he was convicted) and other plaintiff, Toma, was convicted).

 We conclude there is no longer a live controversy between the parties because Woodfield is no longer being prosecuted and he is not faced with the threat of imminent prosecution. The controversy between the parties that gave rise to the unique circumstances that permit a civil equity lawsuit for the purpose of challenging a penal statute no longer exists. Without a threat of prosecution, there is no injury justifying an injunction. *See Morales*, 869 S.W.2d at 944 n. 7. Further, a civil court simply has no equity jurisdiction to render a naked declaration of rights, status, or other legal relationships arising under a penal statute. *See id.* at 947. The record does not show that Woodfield challenged the constitutionality of section 9–8 of the Dallas City Code in the municipal court or requested the municipal court to stay the criminal proceedings pending the outcome of the county court's decision. He simply pleaded compliance and the case was dismissed.

We conclude the case is moot.[3] Accordingly, we must address Woodfield's claim than an exception to the doctrine of mootness applies.

## C. An Exception to the Mootness Doctrine Does Not Apply

Woodfield argues an exception to the doctrine of mootness applies because the challenged action is capable of repetition, yet evading review. He contends the issue is capable of evading review based on the reasoning provided in *Lowenberg v. City of Dallas*, 261 S.W.3d 54 (Tex.2008) (per curiam). Also, he claims the challenged action is capable of repetition because the police have subsequently stopped him for operating or riding a bicycle without wearing a helmet on two occasions.

### 1. Applicable Law

 There are two exceptions that confer jurisdiction regardless of mootness: (1) the issue is capable of repetition, yet evading review; and (2) the collateral consequences doctrine. *Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990); *accord Weinstein v. Bradford*, 423 U.S. 147, 148, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam) (capable of repetition, yet evading review); *see also Trulock*, 277 S.W.3d at 924.

 The "capable of repetition, yet evading review" exception has been used to challenge unconstitutional acts performed by the government. *See Gen. Land*, 789 S.W.2d at 571; *Trulock*, 277 S.W.3d at 924. This exception applies only in rare circumstances. *See Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001); *Trulock*, 277

**3.** We note that the City appeals from the portion of the county court's order denying the City's plea to the jurisdiction as to declaratory relief. The county court's order stayed the portion of the City's plea to the jurisdiction as to the injunctive relief pending the resolution of Woodfield's request for declaratory relief. The injunctive relief is auxiliary to the declaratory relief sought by Woodfield. However, we have concluded the case is moot, not just the issue on appeal. As a result, both Woodfield's request for a declaratory judgment and for injunctive relief are moot.

S.W.3d at 924. It is limited to situations where the following circumstances are simultaneously present: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, or the party cannot obtain review before the issue becomes moot; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *See Weinstein,* 423 U.S. at 148, 96 S.Ct. 347; *Spencer,* 523 U.S. at 17, 118 S.Ct. 978; *Williams,* 52 S.W.3d at 184; *Gen. Land,* 789 S.W.2d at 571; *Trulock,* 277 S.W.3d at 924.

■■■■ When determining the "evading review" element, the proper inquiry is whether the challenged activity is by its very nature short in duration so that it could not, or probably would not, be able to be adjudicated while fully live. *See Clark v. Brewer,* 776 F.2d 226, 229 (8th Cir.1985); *see also Williams,* 52 S.W.3d at 184. The plaintiff must show that the time between the challenged action and its expiration is always so short as to evade review. *See Spencer,* 523 U.S. at 17, 118 S.Ct. 978 (petitioner could not show that time between parole revocation and expiration of sentence is always so short as to evade review). Further, this element of the exception is not met when there are cases pending in which the same issues are presented. *See Gen. Land,* 789 S.W.2d at 571–72.

■■■■ When determining the "capable of repetition" element, there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam); *Weinstein,* 423 U.S. at 148, 96 S.Ct. 347; *Trulock,* 277 S.W.3d at 924. The mere physical or theoretical possibility that the same party may be subjected to the same action again is not sufficient to

satisfy the test. *See Murphy,* 455 U.S. at 482, 102 S.Ct. 1181; *Trulock,* 277 S.W.3d at 924. Although the defending party continues to enforce or administer the complained-of law or system, the complaining party must show a "demonstrated probability" that he will again be subject to those laws or that system. *See Weinstein,* 423 U.S. at 148, 96 S.Ct. 347. It is too speculative for a court to assume a convicted offender will again break the law, be charged with a crime, and punished because former offenders are required by law to prevent their own recidivism. *See Williams,* 52 S.W.3d at 184–85; *City of Garland v. Rivera,* 146 S.W.3d 334, 339 (Tex.App.-Dallas 2004, no pet.) (former inmates did not have standing to assert claim for injunctive relief concerning jail conditions or policies because they were released).

### 2. Application of the Law to the Facts

■■■ First, Woodfield argues the issue is capable of "evading review." He argues the Texas Supreme Court's opinion in *Lowenberg* supports his claim. *See Lowenberg,* 261 S.W.3d 54. However, that case is not applicable. *Lowenberg* involved a class action lawsuit against the City of Dallas challenging an ordinance as an unlawful occupation tax and seeking a refund of fees paid. *See id.* The essential question there was whether the voluntary payment rule precluded a person from attacking the validity of the fee alleged to be an unlawful occupation tax and seeking a refund. *See id.* It was not a civil equity lawsuit and it did not discuss the doctrine of mootness or the exceptions to it.

To establish the evading review element, Woodfield has the burden to show that the time between the challenged action and its expiration is always so short as to evade review. *See Spencer,* 523 U.S. at 17, 118 S.Ct. 978. The time between citation and judgment in a criminal prosecution is not

always so short so as to evade review. *See id.* (petitioner could not show that time between parole revocation and expiration of sentence is always so short as to evade review). Further, Woodfield advises this Court that there is a criminal appeal pending in which the same issue is presented, i.e., *State v. Portillo,* No. 08–09–00187–CR (Tex.App.-Dallas filed Jun. 8, 2009, transferred to Tex.App.-El Paso Jul. 13, 2009). Assuming that case indeed addresses the issue raised by Woodfield, the "evading review" element of the exception is not met when there are cases pending in which the same issues are presented. *See Gen. Land,* 789 S.W.2d at 571–72.

Second, Woodfield argues, in response to our inquiry as to mootness, that the challenged action is "capable of repetition" because the police have subsequently stopped him for operating or riding a bicycle without wearing a helmet on two occasions. There is nothing in the record to support this contention. Nevertheless, Woodfield admits they did not issue him a citation. The mere physical or theoretical possibility that Woodfield may be subjected to the same action again is not sufficient to satisfy the test. *See Murphy,* 455 U.S. at 482, 102 S.Ct. 1181; *Trulock,* 277 S.W.3d at 924.

We conclude an exception to the doctrine of mootness does not apply.

### III. CONCLUSION

The case is moot because there is no live controversy between the parties. Also, an exception to the doctrine of mootness does not apply.

The county court's order regarding the City's plea to the jurisdiction is vacated and the case is dismissed. *See* TEX.R.APP. P. 43.2(e).