**Dismiss and Opinion Filed June 18, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00105-CV

**CATHERINE T. KARLSENG, Appellant**
**V.**
**WACHOVIA BANK, N.A., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-14206-K**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Brown
Opinion by Chief Justice Wright

Appellant, Catherine Karlseng, filed this appeal after the trial court rendered summary judgment against her husband, Robert Karlseng, for the unpaid principal, interest and charges on a promissory note and signed a turnover order requiring Catherine Karlseng, who was not a signatory on the note or a party to the case, to turn over her income for application against the judgment. Catherine Karlseng also filed a petition for writ of mandamus based on the same turnover order. We conditionally granted Catherine Karlseng's petition for writ of mandamus on February 12, 2014. By order dated March 12, 2014, the trial court vacated its turnover order.

In our order granting Catherine Karlseng's petition for writ of mandamus, we ordered Catherine Karlseng to dismiss this appeal or file a jurisdictional brief explaining how following

the conditional grant of mandamus this Court has jurisdiction over the appeal. Catherine Karlseng responded that it is necessary for this Court to retain this appeal on its docket because, "If Real Party in Interest were to seek its own mandamus and prevail after Appellant's appeal has been dismissed for lack of jurisdiction, Appellant might be left with no remedy to challenge the November 25, 2013 Order of the Trial Court because Appellant's 30 day deadline to file her notice of appeal has already passed." Appellant did not argue that after the trial court vacated its turnover order any issues would remain in dispute between the parties to this appeal, did not explain how the trial court's vacated order could retain any continuing force against her without subsequent entry of a new, presumably appealable order, and did not cite any legal basis for concluding an appellate court may exercise jurisdiction over a case that otherwise has been fully resolved.

"A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome." *Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 642 (Tex. 2005). "The mootness doctrine implicates subject matter jurisdiction." *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.-Dallas 2010, no pet.). "[W]hen a case becomes moot the only proper judgment is one dismissing the cause." *Polk v. Davidson*, 196 S.W.2d 632, 633 (Tex. 1946). Because we conclude we lack subject matter jurisdiction over this appeal, we **DISMISS** the appeal for want of jurisdiction.

140105F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CATHERINE T. KARLSENG, Appellant

No. 05-14-00105-CV      V.

WACHOVIA BANK, N.A., Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-08-14206-K.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want
of jurisdiction.

It is **ORDERED** that appellee WACHOVIA BANK, N.A. recover its costs of this appeal
from appellant CATHERINE T. KARLSENG.


Judgment entered June 18, 2014


/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE