**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00428-CV**
_____


**IN RE THOMAS AVALOS JR.**

_____

**Original Proceeding**
**253rd District Court of Liberty County, Texas**
**Trial Cause No. 22DC-CV-01607**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Thomas Avalos Jr. argued that the trial court abused its discretion by issuing a temporary restraining order that: failed to reasonably explain the need to issue a restraining order without notice; insufficiently identified the irreparable harm that would result unless a restraining order issued; and granted relief to a party with unclean hands. We temporarily stayed the temporary restraining order to the extent that it ordered Avalos to return all construction equipment on his property within three days and requested a response from the Real Party in Interest, Fortis Construction, LLC ("Fortis").

1

Fortis filed a suggestion of mootness after the temporary restraining order expired. In response, Avalos argued the challenged act was of such short duration that he could not obtain review before the temporary restraining order expired and that the trial court could issue another temporary restraining order in the future.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceeding[.]" *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). An exception to the mootness doctrine applies if the challenged act is of such short duration that the party cannot obtain review before the issue becomes moot and there is a reasonable expectation that the same action will occur again if the appellate court does not consider the issue. *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). The mere physical or theoretical possibility that the same party may be subjected to the same action again is not sufficient to satisfy the capable-of-repetition prong of the exception to the mootness doctrine. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 419 (Tex. App.—Dallas 2010, no pet.).

In this case, the trial court did not extend the temporary restraining order beyond the fourteen day term that commenced on December 9, 2022. The trial court signed a temporary injunction order on January 5, 2023.[1] Avalos has not shown there

---

[1] That order is the subject of an accelerated appeal filed as Appeal Number 09-23-00009-CV, *Thomas Avalos Jr. v. Fortis Construction, LLC*.

is a realistic possibility that the trial court will issue another temporary restraining order.

We conclude that this original proceeding has become moot, no exception to the doctrine of mootness applies, and we lack jurisdiction over this original proceeding. Accordingly, we lift the order granting temporary relief and dismiss the petition for a writ of mandamus without reference to the merits. Any pending motions are denied as moot.

PETITION DISMISSED.

PER CURIAM

Submitted on January 3, 2023
Opinion Delivered March 9, 2023

Before Golemon, C.J., Horton and Wright, JJ.

3