**REVERSED and RENDERED; and Opinion Filed August 21, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00190-CV**
_____

**FRANCISCO GONZALEZ, MARIANNE GONZALEZ,
RONI HENDERSON, THE FIRST AMENDED PHILLIPS FAMILY
TRUST, ERIC SORENSON, JAMI SORENSON, DAVID SMELSER,
LINDSAY SMELSER, AND THE VALLEY VIEW PARK ESTATES
HOMEOWNERS' ASSOCIATION, INC., Appellants
V.
CHARLES (CHUCK) ZUBARIK, Appellee**

**On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-18220**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Miskel, and Justice Breedlove
Opinion by Chief Justice Burns

This appeal arises from a dispute between homeowners regarding whether privacy fences erected in the backyards of certain homeowners violated a provision in the Amended and Restated Declaration of Covenants, Conditions, and Restrictions (CC&Rs) of the Valley View Park Estates Homeowners' Association, Inc. (HOA).  During the pendency of the lawsuit, a new statute was enacted and the HOA amended the provision of the CC&Rs at issue, which mooted appellee Charles

(Chuck) Zubarik's claim for injunctive relief regarding the fences. Because we conclude that Zubarik was not entitled to recover attorney's fees after the trial court vacated its injunction and the controversy regarding the fences was rendered moot, we reverse and render judgment that Zubarik take nothing.

## Factual and Procedural Background

Appellants Francisco Gonzalez, Marianne Gonzalez, Roni Henderson, The First Amended Phillips Family Trust, Eric Sorenson, Jami Sorenson, David Smelser, and Lindsay Smelser are homeowners in the Valley View Park Estates subdivision and are members of the Valley View Park Estates Homeowners' Association (HOA), which is also an appellant in this case. Each of the individual appellants' homes back up to the subdivision's perimeter wall along Marsh Lane and Valley View Lane. Appellee Charles (Chuck) Zubarik is also a homeowner in the Valley View Park Estates and a member of the HOA, but his home does not back up to the perimeter wall.

In 2018, the City of Farmers Branch raised the road along the perimeter wall by several feet causing the perimeter wall to no longer block traffic's view of the houses and, thus, no longer offer privacy for the homes. In fact, some of the homeowners experienced crime in their backyards due to people being able to jump the wall. Pedestrian and automobile traffic also generated a significant volume of noise, which was not blocked by the perimeter wall. The residents became increasingly concerned, and solutions were discussed with the HOA. Three fence

options were proposed and placed before HOA membership for a vote: a cedarwood fence, a composite fiberglass fence, and a living hedge fence. The HOA voted for the cedarwood fence. Zubarik had proposed holly hedges—a living hedge fence— and believed that construction of the cedarwood fences violated the HOA's restrictive covenant prohibiting "permanent structures" in utility easements. Specifically, Article XI, Section 1 of the HOA's Amended and Restated Declaration of Covenants, Conditions, and Restrictions (CC&Rs), titled "Utility Easements," provided:

> All streets, alleys and easements shown on the recorded plat of the development have been reserved for the purposes indicated. No Owner or Occupant may erect any permanent structure of any type whatsoever in these easement areas. With respect to these easement areas, as well as any other areas described within recorded easement documents, and the Common Properties, any and all bona fide public utility service companies shall have the right of access, ingress, egress, regress and use of the surface estate for the installation and maintenance of utility facilities.

Despite Zubarik's protest that the cedarwood fences violated the HOA's CC&Rs, the HOA's Architectural Control Committee (ACC) approved the fences, and the City of Farmers Branch approved permit requests. In November 2019, after the individual appellants erected the fences in question, Zubarik filed a declaratory judgment action against them seeking a declaration that the fences were in violation of the CC&Rs and requesting the court to order the individual appellants to remove the fences placed in the easement area of their, or another's, property. Subsequently, the HOA was added as a third-party defendant by the individual appellants. The

–3–

individual appellants alleged that the HOA was negligent and breached its duty to act as a reasonable and prudent HOA; alternatively, the individual appellants sought indemnity and contribution from the HOA for any judgment rendered against them. The individual appellants also filed a counterclaim against Zubarik alleging he too violated the provision of the CC&Rs prohibiting the building of permanent structures in easements by widening his driveway and erecting a stone arch and wall in the easement on his property. Additionally, the HOA filed a crossclaim seeking a declaration that Zubarik failed to seek an HOA determination regarding the fence dispute before filing suit as provided by Article XII, Section 9 of the CC&Rs, titled "Disputes": "Matters of dispute or disagreement between Owners with respect to interpretation of application of the provisions . . . shall be determined by the Board of Directors." The HOA also sought injunctive relief requiring Zubarik to adhere to the CC&Rs and submit the dispute to the board of directors and to abate his legal claims until he complied with the dispute provision.

In April 2020, Zubarik filed a motion, and amended motion, for summary judgment. Appellants responded and objected to much of Zubarik's summary judgment evidence. After a hearing, the trial court overruled appellants' objections to the evidence and, on October 23, 2020, granted Zubarik's motion. The trial court found that the fences built by the individual appellants violated the HOA's CC&Rs and that the ACC and the board of directors wrongfully granted the building of the fences. The trial court ordered their removal and immediate prohibition. Because

the issue of attorney's fees and the individual appellants' and HOA's crossclaims remained pending, the order was interlocutory. On December 4, 2020, the trial court signed a severance order making the summary judgment order final but subsequently vacated the severance order on March 16, 2021, after Zubarik filed a request to modify the severance order, which had extended the court's plenary power. The court stated in its order vacating the severance that it signed the initial severance order in error and never intended to grant it. Thus, the summary judgment order remained interlocutory.

On March 23, 2021, the HOA voted to remove the ban and allow fences to be built on utility easements if they met certain criteria. The amendment also covered the fences existing on October 31, 2020, that were built by the individual appellants and approved by the ACC. Zubarik challenged the vote, and a recount administrator discounted it on May 17, 2021, finding that the fifteen proxy votes violated the CC&Rs because they were not direct proxy votes and, as a result, could not be counted toward the two-thirds needed for approval of the amendment.

While Zubarik's challenge to the March 23 vote was pending, appellants filed a motion to dissolve the injunction due to the amended CC&Rs. The trial court, on May 7, 2021, partially vacated its October 23 order granting Zubarik's motion for summary judgment. Specifically, the trial court vacated the following portion of its previous order: "And Orders fences in the easement be prohibited immediately and the fences placed in the easement area be removed within 30 days from the date of

this judgment." The remaining portions of its summary judgment order, which included a finding that "the fences erected by the [individual appellants] are in violation of the [CC&Rs]" and the "ACC and the Board of directors wrongfully granted the building of the fences," remained in "full force and effect."

Separate and apart from this suit, the Texas legislature enacted a new bill that provided, "a property owners' association may not adopt or enforce a restrictive covenant that prevents a property owner from building or installing security measures, including but not limited to a security camera, motion detector, or perimeter fence." TEX. PROP. CODE ANN. § 202.023(b). The statute went into effect on June 15, 2021. *See* Act of May 24, 2021, 87th Leg., R.S., ch. 716, §§ 1–2, 2021 Tex. Sess. Law Serv. Ch. 716 (H.B. 3571) (codified at TEX. PROP. CODE § 202.023).

Due to Zubarik's successful challenge to the March 23 vote, the members of the HOA revoted to amend the CC&Rs on July 1, 2021, after Zubarik's emergency motion to appoint a receiver and his request for a temporary restraining order were denied. Zubarik again contested the vote, and the vote was upheld by a different recount administrator on August 20, 2021. In a separate suit, Zubarik challenged the validity of the July 1 vote, as well as other alleged acts and omissions by the HOA.

Appellants Francisco and Marianne Gonzalez filed a motion for partial summary judgment alleging that Zubarik's claims were moot due to the amendment of the CC&Rs and removal of the restrictive covenant on which Zubarik's claims were based. The HOA also filed a motion for summary judgment arguing, in part,

that the controversy regarding the fences, and thus Zubarik's request for declaratory relief, had been rendered moot by the July 1 revote. The appellate record does not contain a ruling by the trial court on either of these motions.

The individual appellants filed a plea to the jurisdiction on September 22, 2022, claiming that Zubarik lacked standing because he was not authorized to enforce the CC&Rs individually and because he did not exhaust his remedies by bringing the dispute about the fences before the board of directors. The September 2022 plea did not assert that Zubarik's claim was moot due to the amended CC&Rs or the enactment of section 202.023 of the property code. After a hearing, the trial court denied the individual appellants' plea.

Prior to trial, the individual appellants settled their claims against the HOA. The issues of Zubarik's attorney's fees and whether Zubarik violated the HOA rules by failing to seek a determination from the HOA on the fence dispute before filing suit were tried to a jury. The jury found that Zubarik did not violate the HOA rules in filing suit against the individual appellants and awarded Zubarik $260,620 in trial attorney's fees and conditional fees for each stage of the appeal process.

On November 28, 2022, appellants filed objections to Zubarik's proposed final judgment and a Joint Motion for Judgment Notwithstanding the Verdict and Plea to the Jurisdiction arguing that (1) Zubarik was not a prevailing party because he did not prevail on enforcing the HOA's restrictive covenant and (2) Zubarik's lawsuit had been rendered moot when the HOA members voted to remove the

restrictive covenant and grandfather the disputed fences. On November 29, 2022, before hearing appellants' motions, the trial court rendered judgment in accordance with the jury's verdict and awarded Zubarik $260,620 in trial attorney's fees, conditional amounts of appellate attorney's fees, $14,647.77 in costs, and postjudgment interest. The trial court also rendered judgment that appellants take nothing on their claims against Zubarik. The final judgment also provided, "This Judgment incorporates the Interlocutory Judgment Granting Motion for Summary Judgment signed on October 23, 2020, as modified by the Order signed on May 7, 2021."

On December 12, 2022, the trial court denied appellants' Joint Motion for Judgment Notwithstanding the Verdict and Plea to the Jurisdiction. Appellants then filed a motion for new trial and a motion to modify the judgment. Believing that its plenary power had expired, the trial court declined to rule on either motion and stated that even if the court's plenary power had not expired, the court was not changing its rulings and the motions would be denied by operation of law.

On appeal, appellants present the following three issues:

(1) whether the trial court erred when it denied appellants' plea to the jurisdiction because the CC&R in dispute was abolished by the HOA and the Texas Legislature rendered the CC&R unenforceable when it amended section 202.0023 of the property code;

(2) whether the trial court erred by not setting aside the verdict because Zubarik did not enforce the CC&Rs and, thus, was

not a prevailing party entitled to an award of attorney's fees; and

(3) whether the trial court erred in granting Zubarik's motion for summary judgment because the evidence was defective and a genuine issue of material fact existed.

For purposes of this opinion, we assume without deciding that the trial court did not err in granting Zubarik's motion for summary judgment as to the declaration that the individual appellants' violated the prior version of the CC&Rs, and thus it is not necessary for us to reach the merits of appellants' third issue to dispose of this appeal. *See* TEX. R. APP. P. 47.1.

**Mootness Doctrine**

In their first issue, appellants argue that the trial court should have set aside the jury's verdict and rendered a take nothing judgment because Zubarik's lawsuit was rendered moot by the HOA membership's amendment abolishing the CC&R in dispute and by the legislature's amendment to section 202.023 of the property code rendering the CC&R unenforceable. Zubarik responds that he prevailed on his substantive claims before the events allegedly giving rise to mootness occurred and, thus, his claim for attorney's fees remained live even though the underlying claim subsequently became moot. Zubarik also argues that he had two prayers for relief: (1) whether the individual appellants violated the CC&Rs by building fences in the utility easement, and (2) whether the individual appellants could be forced to remove their fences. Zubarik contends that only the second claim regarding removal became

–9–

moot because, at the time, appellants did violate the CC&Rs in effect. Zubarik further argues that appellants failed to meet their burden to establish mootness and did not seek a jury finding on that question. He contends that there are still fact question remaining, such as whether the July election to amend the HOA covenant was valid and whether the fences were "security measures" as required under the legislative amendment versus merely aesthetic improvements or privacy features.

Mootness implicates subject matter jurisdiction, which is a legal question that we review de novo. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.). A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). However, a case is not rendered moot simply because some of the issues become moot. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). "If only some claims or issues become moot, the case remains "live," at least as to other claims or issues that are not moot." *State ex. rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

We disagree that the HOA's amendment or the legislative enactment rendered the *case* between the parties moot. Although Zubarik could no longer enforce the

CC&Rs and his claim for injunctive relief became moot,[1] a live issue regarding whether or not Zubarik had a legally cognizable interest in recovering his attorney's fees remained. *See Camarena v. Tex. Emp. Comm'n.*, 754 S.W.2d 149, 151 (Tex. 1988) (even though the injunction was rendered moot, attorney's fee issue was an integral part of the claim and breathed life into the appeal). We agree with Zubarik that *Speer v. Presbyterian Children's Home & Service Agency*, 847 S.W.2d 227 (Tex. 1993), a case relied upon by appellants, is procedurally distinguishable. In *Speer*, the trial court found that the agency fell under a statutory exception for religious organizations and was exempted from the general prohibition of discriminatory hiring practices. 847 S.W.2d at 227–28. Thus, the trial court rendered judgment for the agency and against Speer on her claims for injunctive and declaratory relief. *Id.* at 228. On appeal, the case became moot because the agency abolished the position initially sought by Speer, which was the subject of her unlawful discrimination claim. *Id.* The supreme court explained that because Speer was never a prevailing party, and now could never be a prevailing party because her claim was moot, she was not entitled to recover attorney's fees under a prevailing

---

[1] Zubarik does not agree that his claim for injunctive relief became moot. Specifically, Zubarik asserts that he has challenged the second vote in a separate lawsuit after it was initially upheld and, thus, the amendment may not be valid. However, the outcome of this separate lawsuit was not before the trial court and is not before us on appeal. We cannot assume that the second vote will be discounted in our review. Zubarik also argues that the legislative action did not moot his claims because there is still a question as to whether the fences were security measures. However, Zubarik has not challenged the trial court's ruling vacating the summary judgment language ordering the fences to be removed and prohibiting any further fences in the easement. As such, we conclude that the record before us establishes that Zubarik's claim for injunctive relief became moot.

party statute. *Id.* at 229. Here, however, Zubarik did seek and receive a declaration that the fences violated the CC&Rs (at least that were in effect at the time the fences were built) and that the ACC and board of directors wrongfully granted the building of the fences. This declaration remained throughout the case, was included in the final judgment, and has not been challenged on appeal.

But Zubarik did not seek attorney's fees under the Declaratory Judgment Act. If he had, there would be no question that his issue of attorney's fees remained a live controversy even though his request for relief was rendered moot. *See Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774–75 (Tex. App.—Dallas 2011, no pet.) ("a case under the Declaratory Judgments Act remains a live controversy, even if all requests for substantive declaratory relief become moot during the action's pendency, as long as a claim for attorneys' fees under the Act remains pending"). Even so, we conclude that Zubarik's attorney's fees issue, specifically whether the trial court's declaration entitled Zubarik to an award of attorney's fees under the "Enforcement" provision of the CC&Rs, is a separate question that kept the controversy between the parties live. *See Harper*, 562 S.W.3d at 7 ("As we recognized in *Camarena*, if the party prevailed before the substantive claim became moot, the party's claim for attorney's fees under a prevailing-party statute remains a live controversy and a court must consider the claim's merits to determine whether the party properly prevailed.").

Additionally, the HOA's crossclaim against Zubarik remained at issue and was not mooted by the amendment of the CC&Rs or the legislative enactment. Thus, the trial court did not lose subject matter jurisdiction over this case. We overrule appellant's first issue.

**Attorney's Fees**

In their second issue, appellants argue that the trial court erred by not setting aside the verdict because Zubarik did not enforce the CC&Rs and, thus, was not a prevailing party entitled to an award of attorney's fees. We agree.

Whether a party is entitled to seek an award of attorney's fees is a question of law that we review de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94–95 (Tex. 1999). A party may not recover attorney's fees unless authorized by a contract between the parties or by a statute. *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). A party may also not recover attorney's fees on a basis that was not pleaded. *Id.* at 659; *Spicer, Tr. for Estate of Brady v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 127–28 (Tex. App.—Fort Worth 2020, no pet.) (op. on reh'g).

Here, Zubarik sought attorney's fees under the "Enforcement" provision of Article XII, Section 3 of the CC&Rs, which provided:

> Enforcement of these covenants and restrictions may be by any proceeding at law or in equity against any person or persons violating or attempting to violate them, whether the relief sought is an injunction or recovery of damages, or both, or enforcement of any lien created by these covenants and restrictions; but failure by the Association or any

–13–

Owner to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so thereafter. The City of Farmers Branch, Texas is specifically authorized (but not obligated) to enforce these covenants and restrictions. With respect to any litigation hereunder, the prevailing party shall be entitled to recover reasonable attorneys' fees from the non-prevailing party.

Thus, Zubarik's request for attorney's fees was limited by the Enforcement provision in that, to recover attorney's fees he was required to be the prevailing party in a suit to enforce the CC&Rs by way of injunctive or monetary relief.

As with the attorney's fee provision in the contract at issue in *KB Home*, "prevailing party" is not defined in the CC&Rs. *See* 295 S.W.3d at 653. The supreme court explained that, under the term's ordinary meaning, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 654 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). Zubarik argues that he did prevail when he was granted summary judgment on October 23, 2020, specifically by securing a declaration that the fences violated the CC&Rs and an order requiring their removal, as well as immediate prohibition. But the trial court's summary judgment order was not final and, before it became final, the trial court vacated the portion of the order requiring the fences to be removed and immediately prohibited. Zubarik's claim for injunctive relief then became moot when the legislature enacted section 202.023 of the property code and the HOA revoted on the amendment to the CC&Rs on July 1, 2021. At that

–14–

point, the trial court could not have found that appellants were in violation of the CC&Rs, and as a result, Zubarik was not the prevailing party on his claim for injunctive relief before the issue became moot.

Zubarik also argues that his lawsuit and specifically the declaration and October 23 injunction forced the HOA to convene an election and amend the CC&Rs. Thus, appellants materially altered their conduct as a direct result of Zubarik's success in enforcing the lawsuit. Zubarik also contends he was a prevailing party because he prevailed in challenging the HOA's first vote to amend the CC&Rs and prevailed in defending against the HOA's crossclaim and the individual appellants' counterclaim against him. But, here, the Enforcement provision expressly provides for enforcement by way of injunction or recovery of damages, not by way of seeking a declaration or successfully defending against such.

Zubarik did not enforce the CC&Rs through injunctive or monetary relief. As he testified at trial, and represented on appeal, the fences remain standing. Therefore, we conclude that Zubarik was not entitled to recover attorney's fees under the Enforcement provision of the CC&Rs. We sustain appellants' second issue.

## Conclusion

Because we conclude that Zubarik was not a prevailing party in enforcing the CC&Rs and, thus, not entitled to recover attorney's fees, we reverse the trial court's judgment awarding Zubarik attorney's fees and render judgment that Zubarik take nothing.

/Robert D. Burns/
ROBERT D. BURNS
230190F.P05          CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FRANCISCO GONZALEZ, MARIANNE GONZALEZ, RONI HENDERSON, THE FIRST AMENDED PHILLIPS FAMILY TRUST, ERIC SORENSON, JAMI SORENSON, DAVID SMELSER, LINDSAY SMELSER, AND THE VALLEY VIEW PARK ESTATES HOMEOWNERS' ASSOCIATION, INC., Appellants

No. 05-23-00190-CV     V.

CHARLES (CHUCK) ZUBARIK, Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-18220. Opinion delivered by Chief Justice Burns. Justices Miskel and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

appellee CHARLES (CHUCK) ZUBARIK take nothing on his claim for attorney's fees.

It is **ORDERED** that appellants FRANCISCO GONZALEZ, MARIANNE GONZALEZ, RONI HENDERSON, THE FIRST AMENDED PHILLIPS FAMILY TRUST, ERIC SORENSON, JAMI SORENSON, DAVID SMELSER, LINDSAY SMELSER, AND THE VALLEY VIEW PARK ESTATES HOMEOWNERS' ASSOCIATION, INC. recover their costs of this appeal from appellee CHARLES (CHUCK) ZUBARIK.

Judgment entered this 21st day of August 2024.