**Opinion issued May 22, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NOS. 01-25-00249-CV**

————————————

**IN RE BRIDGER INSURANCE SERVICES, AS MANAGING GENERAL AGENT FOR REDPOINT COUNTY MUTUAL INSURANCE COMPANY, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**[1]

Relator, Bridger Insurance Services, as Managing General Agent for Redpoint County Mutual Insurance Company, filed a petition for writ of mandamus,

---

[1] The underlying case is *Eddie Alvarez Alvarado v. Timothy Key, Jr., Jason Allen, Jose L. Avila, and Joe Mackenzie Avila*, Cause No. 2024-20281, pending in the 11th District Court of Harris County, Texas, the Honorable Kristen Brauchle Hawkins, presiding.

complaining of the trial court's September 23, 2024 Order Appointing Attorney Ad Litem. On April 17, 2025, the trial court withdrew the complained-of September 23, 2024 order, thus rendering moot the controversy for which the relator seeks mandamus relief.

The mootness doctrine implicates subject-matter jurisdiction. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, pet. dism'd). "The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Id.*

This Court cannot decide a case that has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.). "If a proceeding becomes moot, the [C]ourt must dismiss the proceeding . . . ." *Id.* Because the trial court has vacated the order challenged by Relator in his Petition for Writ of Mandamus and Relator "has received the relief sought [in] [its] mandamus petition," we must dismiss this mandamus proceeding as moot. *In re Campos*, No. 01-21-00247-CV, 2022 WL 3650129, at *1 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, orig. proceeding) (dismissing mandamus petition as moot where "the successor trial court judge signed an order vacating the discovery order challenged in the mandamus proceeding"); *see*

*In re Haywood*, No. 01-21-00645-CV, 2022 WL 10207672, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2022, orig. proceeding) (mem. op.) (relator's mandamus petition rendered moot where relator "received the relief sought"); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . .").

Accordingly, we dismiss relator's petition for writ of mandamus for lack of subject-matter jurisdiction.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.