

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00819-CV

**IN RE SOLARIS TRANSPORTATION, LLC**, Solaris Oilfield Infrastructure, Inc., and Solaris Oilfield Site Services Operating, LLC

Original Proceeding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
           Lori Massey Brissette, Justice
           H. Todd McCray, Justice

Delivered and Filed: March 4, 2026

MOTION TO DISMISS GRANTED; PETITION FOR WRIT OF MANDAMUS DISMISSED AS MOOT

Relators filed their petition for writ of mandamus on December 17, 2025, challenging the trial court's November 17, 2025 order authorizing net worth discovery. We requested the real parties in interest and the respondent to file their responses, if any. On January 16, 2025, the real parties in interest filed a motion to dismiss asserting that the matter had become moot because they had unilaterally stipulated not to pursue the net worth discovery at issue. This motion was opposed by relators who claimed the unilateral stipulation was insufficiently enforceable. We agreed and

---

[1]This proceeding arises out of Cause No. 2022CI23251, styled *Leslie Abrego Castrellon, Individually as Wrongful Death Beneficiary and Sole Heir/Representative of Ricardo Arreola, Deceased; and Rosa M. Arreola, Individually and as Wrongful Death Beneficiary of Ricardo Arreola, Deceased v. Conlan Tire Co., LLC, et al*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

denied the real parties in interest's motion to dismiss. The real parties in interest subsequently filed a motion to set aside the November 17, 2025 order and further stipulated in the trial court that they would not again seek net worth discovery from relators in the underlying matter. On February 19, 2026, the trial court granted the real parties in interest's motion to set aside and vacated the November 17, 2025 order authorizing net worth discovery thus rendering moot the controversy for which the relators seek mandamus relief.

The mootness doctrine implicates subject-matter jurisdiction. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, pet. Dism'd). "The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Id*.

This Court cannot decide a case that has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.). "A proceeding becomes moot 'if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome.'" *In re Baja Freight, Ltd.*, No. 04-23-01010-CV, 2023 WL 8609284, at *2 (Tex. App.—San Antonio Dec. 13, 2023, no pet.) (quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings ….").

The order challenged by relators has been set aside and vacated. Further, the real parties in interest have stipulated that they will not further pursue the discovery at issue. The controversy

has become moot. Accordingly, we grant the real parties in interest's motion to dismiss. The petition for writ of mandamus is dismissed as moot.

PER CURIAM